IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-00218-CNS

J.A.P.,

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

---

**ORDER**

---

Plaintiff J.A.P.[1] brings this appeal of a denial of supplemental security income (SSI). ECF No. 10 (Opening Br.); ECF No. 1. The ALJ denied the claims, and Plaintiff went through the appeals process. For the reasons explained below, the Court affirms the denial of benefits.

### I. BACKGROUND

Plaintiff filed for SSI under Title II of the Social Security Act in December 2021, alleging a disability onset date of November 15, 2021. A.R. at 147–52. The claim was denied both initially and on rehearing. A.R. at 88–97, 99–104. Plaintiff timely filed a Request for Hearing, and the hearing was held on May 10, 2023. A.R. at 36–62. The ALJ issued an unfavorable decision on August 14, 2023. A.R. at 1–34. The Appeals Council

---

[1] Pursuant to D.C.COLO.L.APR 5.2(b), Plaintiff J.A.P. is identified by her initials only.

declined to review the case, rendering the August 14 decision the final decision of the Commissioner of Social Security. A.R. at 1–34. Plaintiff appealed to this Court. ECF No. 1.

Plaintiff alleges that she suffers from depression, digestive problems, colitis, GERD, Crohn's disease, unexpected bladder frequency, and problems with her right foot due to a cystic legion. A.R. at 174, 299–303, 676, 748.

The ALJ conducted the five-step sequential analysis to determine whether Petitioner was disabled for purposes of the Act. At step one, the ALJ found that Petitioner had not engaged in substantial gainful activity since December 7, 2021. A.R. at 19. At step two, the ALJ determined that Plaintiff had the severe impairments of diverticulosis, residuals from removal of a ganglion cyst on the right foot, mild degenerative changes of bilateral feet, and major depressive disorder. A.R. at 19. At step three, the ALJ found that the impairments did not meet or medically equal one of the listed impairments. A.R. at 20. At step four, the ALJ found that Plaintiff could not perform relevant past work. A.R. at 2433. The ALJ then found that Plaintiff had the residual functional capacity (RFC)

> to perform medium work as defined in 20 CFR 416.967(c) with the following limitations: she cannot climb ladders, ropes, or scaffolds; and she can no more than frequently climb ramps and stairs. She can have no exposure to moving mechanical parts, heavy machinery, or unprotected heights. She can understand, remember, and carry out simple instructions. She requires a bathroom on site.

A.R. at 25. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. A.R. at 28–30. Thus, the ALJ found that Plaintiff was not disabled. A.R. at 30.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Plaintiff challenges the ALJ's decision on two bases, arguing that the ALJ improperly considered the various medical opinions and that the ALJ improperly determined Plaintiff's RFC.

## II. LEGAL STANDARD AND STANDARD OF REVIEW

An individual is considered disabled under the Social Security Act if they are unable to do "any substantial gainful activity" due to any medically determinable physical and/or mental impairment that can be expected "to last for a continuous period of not less than 12 months." *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). An individual bears the initial burden of establishing their disability. *See id.* at 1062. To determine whether an individual is disabled, ALJs use a five-step, sequential analysis that considers whether the individual:

(1) is currently engaged in "substantial gainful activity";

(2) has a "severe" impairment or impairments;

(3) the impairment or impairments equals one of the impairments listed in the appendix of the relevant disability regulation;

(4) the impairment or impairments prevent the individual from doing their past work; and

(5) has the residual functional capacity (RFC) to perform other work in the national economy.

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)). The burden to prove elements one through four falls on the plaintiff. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). However, if Plaintiff "is not

considered disabled at step three, but has satisfied their burden at steps one, two, and four, the burden shifts to the Commissioner" to show that Plaintiff has the RFC to perform other work in the national economy, taking into consideration their age, education, and work experience. *Id.* Prior to step four, the ALJ must formulate an RFC finding, considering the limiting effects of all of the claimant's impairments. 20 C.F.R. § 404.1520(e); *Henrie v. United States Department of Health and Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993).

Exercising jurisdiction under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). The Court must evaluate the agency's decision "solely by the grounds invoked by the agency," and may not "affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

"Substantial evidence" is evidence that is sufficient, based on the entire record, to support the ALJ's factual determinations. *See Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2022). A district court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," but will "not reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The threshold for this "evidentiary sufficiency is not high"; the evidence required is "more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Biestek*, 587 U.S. at 103. Nonetheless, a decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotations omitted). A decision not supported by substantial evidence must be reversed. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

### III.  ANALYSIS

Plaintiff argues that two of the ALJ's findings were not supported by substantial evidence. The Court will address each in turn.

**A.  Medical Opinions**

Social Security regulations require ALJs to evaluate medical opinion evidence based on (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as familiarity with the other evidence in the claim. 20 C.F.R. §§ 404.1520c(c), 404.1520(c); *see also C.M.D. v. Comm'r of Soc. Sec.*, No. 1:22-CV-01005-DDD, 2022 WL 18141574, at *1 (D. Colo. Dec. 9, 2022). Supportability and consistency are the most important factors, and ALJs must explain how they considered those factors in the decision. *See* 20 C.F.R § 404.1520c(b). An ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (internal citations omitted).

Plaintiff challenges the ALJ's finding that Christine Pacheco's opinion was unpersuasive. Ms. Pacheco was Plaintiff's mental health therapist who had treated Plaintiff since November 2020 for major depressive disorder. A.R. at 28, 682.

The ALJ found her opinion unpersuasive in part because it was unsupported, finding that she "did not present sufficient objective medical evidence or relevant explanation to support her opinion" that Plaintiff's depression was disabling. A.R. at 28. Ms. Pacheco's treatment notes did not document objective findings about Plaintiff's mental functioning and did not specify the areas of functioning that Plaintiff would be unable to perform. A.R. at 28. The ALJ also noted that Ms. Pacheco's opinion was based on Plaintiff's remote work history and physical conditions, which are outside her purview. A.R. at 28.

The ALJ also found Ms. Pacheco's opinion inconsistent with the record, in part because it conflicted with the opinion of Dr. Besses, the consultative psychological examiner. A.R. at 28. Plaintiff argues that this conclusion is contradictory because the ALJ found Dr. Besses's opinion partially not persuasive. Plaintiff also argues that Ms. Pacheco's opinion was supported by additional medical evidence about Plaintiff's depression. ECF No. 10 at 10. However, the ALJ's finding that Dr. Besses's opinion is partly not persuasive does not contradict the finding that Ms. Pacheco's opinion is not persuasive. The portion of Dr. Besses's opinion that the ALJ found unpersuasive was that Plaintiff did not have an impairment in complex or detailed instructions. A.R. at 28. The ALJ explained that Dr. Besses's observation that Plaintiff exhibited some concentration and memory issues was not consistent with the opinion that Plaintiff had no impairment with complex or detailed instructions and only mild impairment in concentration, persistence, and pace. A.R. at 28. However, the ALJ did not discount Dr. Besses's opinion as a whole, just those specific findings. The ALJ found the remainder of Dr. Besses's

6

opinion persuasive because it was supported by her thorough and evidence-based examination of Plaintiff and explanations of her opinions, and was consistent with other evidence in the record. A.R. at 28. The finding that this part of Dr. Besses's opinion was not persuasive was, in fact, beneficial to Plaintiff because it caused the ALJ to adopt a more limited mental function RFC than Dr. Besses recommended. The ALJ properly found that Ms. Pacheco's opinion conflicted with Dr. Besses's and found Dr. Besses's opinion more persuasive, and this conclusion is supported by substantial evidence.

The ALJ also found that Ms. Pacheco's opinion was inconsistent with evidence of Plaintiff's ability to perform daily activities, including managing her finances, doing laundry and household chores, spending time with others, and performing self care. A.R. at 28. A reasonable fact finder could come to that same conclusion.

Plaintiff also argues that the ALJ did not properly consider evidence in the record that supported Ms. Pacheco's opinion. However, the Court will not reweigh evidence; instead, the only consideration is whether a reasonable factfinder could reach the same conclusion about the evidence that the ALJ came to. Here, substantial evidence supports the ALJ's reasons for finding Ms. Pacheco's opinions unpersuasive, regardless of the evidence that arguably supported her opinions.

### B. Residual Functional Capacity (RFC)

Plaintiff next challenges the ALJ's RFC determination that Plaintiff is able to do work at the medium level of exertion, arguing that he failed to properly account for Plaintiff's problems with her feet and frequent need for a bathroom. The Court finds no reversible error.

Medium work is defined at 20 CFR 416.967(c) as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. It also involves standing or walking for approximately 6 hours of an 8-hour workday. Ruling 83-10. Plaintiff argues that the objective medical evidence indicates that she cannot stand or walk the requisite six hours a day, and so the medium work RFC was improper.

However, the ALJ found that Plaintiff's reported symptoms were inconsistent with other evidence in the record, including objective medical evidence, and were not as severe as she claimed. Her reported activities and treatment history, which was limited and conservative, also undermine the reported severity of her symptoms. The Court finds that these conclusions are supported by substantial evidence.

The ALJ noted that the objective medical evidence undermined the severity of Plaintiff's reported foot symptoms. Plaintiff's physical examinations during the relevant period showed that she ambulated with a normal gait, even when she had foot calluses in March 2023. A.R. at 24. Bilateral foot imaging taken in March 2023 showed only mild arthritic changes. Plaintiff had foot surgery in May 2021 to excise a cystic legion, and after the surgery she was "doing well with only mild pain." A.R. at 24. In June 2021, she had no pain and normal vascular, neurologic, and musculoskeletal examination findings of the foot in question, and she did not seek further treatment for her foot until March 2023. A.R. at 24. In March 2023, she complained of right foot pain and tenderness in her IT band, but physical examination showed a normal gait and the provider attributed her pain largely to the IT band. A.R. at 24. X-rays of her feet showed only mild degenerative changes of the interphalangeal joints and metatarsophalangeal joints, bilateral osnavicularis, no

ankle effusion, and normal alignment. A.R. at 24. Based on this evidence, the ALJ concluded that her mild foot arthritis and the associated pain would not limit her ability to work beyond the medium work with limited climbing restrictions. A.R. at 24. The Court finds that this conclusion is supported by substantial evidence, as a reasonable factfinder could come to the same conclusion based on the cited evidence in the record.

As to Plaintiff's reported pain, the ALJ concluded that her statements concerning the intensity, persistence, and limiting effects of her pain were not entirely consistent with the medical evidence and other evidence in the record. This conclusion is supported by substantial evidence. As discussed above, her foot issues had largely resolved after surgery, and she reported having no pain at multiple follow-up appointments. Plaintiff also showed normal ambulation and gait, and full range of motion in a physical examination from 2022. Additionally, Plaintiff only sought limited and conservative treatment for her foot pain, which is inconsistent with the reported severity of her pain. A.R. at 24. After the March 2023 examination, for example, the doctor only recommended Tylenol and physical therapy to resolve her foot pain and IT band soreness. A.R. at 2161–62. In sum, the ALJ's RFC determination is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the Commissioner's decision denying Plaintiff's SSI benefits.

Dated this 27th day of March 2025.

BY THE COURT,

Charlotte N. Sweeney
United States District Judge